IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ITERATIVE THERAPEUTICS, INC.<br>3430 North Lake Shore Drive, #11M<br>Chicago, IL 60657<br><br>      Plaintiff,<br><br>v.<br><br>HON. DAVID KAPPOS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States<br>Patent and Trademark Office,<br>Office of General Counsel,<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA 22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street, Alexandria, VA 22314<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Iterative Therapeutics, Inc., for its complaint against the Honorable David Kappos, states as follows:

## NATURE OF THE ACTION

1.    This is an action by the assignee of United States Patent No. 7,511,121 ("the '121 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A) (2006), that the patent term adjustment for the '121 patent be changed from 263 days to 677 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A), and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5. This complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6. Plaintiff Iterative Therapeutics, Inc. is a corporation organized under the laws of Delaware, having a principal place of business at 3430 North Lake Shore Drive, #11M, Chicago, IL 60657.

7. Defendant David Kappos ("Director") is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8. Barry G. W. Arnason, Mark A. Jensen, and David M. White are the inventors of U.S. patent application number 10/096,521 ("the '521 application") entitled "POLYMERIC IMMUNOGLOBULIN FUSION PROTEINS THAT TARGET LOW-AFFINITY FCγ RECEPTORS," which was issued as the '121 patent on March 31, 2009. The '121 patent claims compositions drawn to fusion proteins. The '121 patent is attached as **Exhibit A**.

9. Iterative Therapeutics, Inc. is the assignee of the '121 patent, as evidenced by the assignment documents recorded in the PTO, and is the real party in interest in this case.

10. Under 35 U.S.C. § 154, the Director is required to determine a patent term adjustment according to 35 U.S.C. § 154(b). In particular, 35 U.S.C. § 154(b)(3)(D) provides: "The Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In calculating patent term adjustment, the Director is required to consider, *inter alia*:

   (i) the number of days of delay by the PTO under 35 U.S.C. § 154(b)(1)(A) and under 35 U.S.C. § 154(b)(1)(B),

   (ii) the period of overlap of the delay from 35 U.S.C. § 154(b)(1)(A) and the delay from 35 U.S.C. § 154(b)(1)(B), as required by 35 U.S.C. § 154(b)(2)(A), and

   (iii) any applicant delay, as described in 35 U.S.C. § 154(b)(2)(C).

12. The Director determined the patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '121 patent stating the patent term adjustment to be 263 days.

13. Plaintiff timely filed a Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. § 1.705(d) on May 29, 2009 (**Exhibit B**).

14. As of the filing of this Complaint, the Director has not acted on Plaintiff's Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. § 1.705(d).

15. Section 154 provides a remedy for an applicant dissatisfied with the patent term adjustment. Specifically, 35 U.S.C. § 154(b)(4)(A) states that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent."

## **CLAIM FOR RELIEF**

16. The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth herein.

17. The Director has determined the patent term adjustment for the '121 patent to be 263 days, as indicated on the face of the patent. See Exhibit A at 1.

18. The Director erroneously calculated the patent term adjustment, at least because he has misinterpreted the period-of-overlap provision of 35 U.S.C. § 154(b)(2)(A). To calculate the period of overlap, the Director has taken the position that the period for delay of the three-year pendency provision (35 U.S.C. § 154(b)(1)(B)) constitutes the entire pendency time of the application, excluding time consumed pursuant to 35 U.S.C. § 154(b)(1)(B)(i)-(iii). 69 Fed. Reg. 34,283-84 (June 21, 2004) (**Exhibit C**).

19. The erroneous methodology used by the Director was rejected in a recent decision by this Court in *Wyeth v. Dudas,* 580 F.Supp.2d 138, 88 U.S.P.Q.2d 1538 (D.D.C. 2008), *appeal*

*docketed*, No. 08-5502 (Fed. Cir. Dec. 24, 2008), where this Court held that the correct interpretation of the period-of-overlap provision of 35 U.S.C. § 154(b)(2)(A) was that the period for delay of the three-year pendency provision (35 U.S.C. § 154(b)(1)(B)) can constitute only time after the initial three year pendency of the application, and not the time during the initial three year application pendency.

20. Other errors by the Director are apparent from the USPTO's website under the "Patent Term Adjustments" tab in PAIR (provided in **Exhibit D**) and include (i) an incorrect determination of the PTO's delay under 35 U.S.C. § 154(b)(1)(A), (ii) an incorrect determination of the PTO's delay under 35 U.S.C. § 154(b)(1)(B), and (iii) an incorrect determination of the applicant's (Plaintiff's) delay under 35 U.S.C. § 154(b)(2)(C). The correct determination of these delays is provided in Exhibit B.

21. The correct patent term adjustment is 677 days, which is the difference between the total USPTO delay (1002 days) and the Plaintiff's delay (325 days). The details of this patent term adjustment determination are provided in Exhibit B.

22. The Director's determination that the '121 patent is entitled to only 263 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and respectfully requests that this Court:

(i)   Issue an Order changing the period for patent term adjustment for the '121 patent term from 263 days to 677 days and requiring the Director to extend the term of the '121 patent to reflect the 677 days of patent term adjustment.

(ii)  Grant such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated:  September 23, 2009                    Respectfully Submitted,

*/s/ Jeremy M Stipkala*
Jeremy M. Stipkala, Ph.D., J.D. (Bar No. 480029)
STIPKALA LLC
5401 Netherby Lane, Suite 102A
North Charleston, SC 29420
843.580.9057
Jeremy.Stipkala@StipkalaLaw.com

*/s/ Harry J Guttman*
Harry J. Guttman, Ph.D., J.D. (Bar No. OH0022)
STIPKALA LLC
4443 Edenton Lane
Blue Ash, OH 45242
513.457.4510
Harry.Guttman@StipkalaLaw.com

Attorneys for Plaintiff
Iterative Therapeutics, Inc.