**UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF COLUMBIA**

```
_____
                             )
ITERATIVE THERAPEUTICS, INC, )
                             )
        Plaintiff,           )
                             )
        v.                   )    Civil Action No. 09-1822 (RWR)
                             )
DAVID KAPPOS,                )
                             )
        Defendant.           )
_____)
```

## MEMORANDUM ORDER

    In light of the Federal Circuit's decision in Wyeth v. Kappos, 591 F.3d 1364 (Fed. Cir. 2010), the Director of the United States Patent and Trademark Office ("USPTO") has moved to vacate a 263-day patent term adjustment it issued regarding a patent that was assigned to Iterative Therapeutics, Inc. ("ITI"). ("Def.'s Mot. for Vacatur of Patent Term Calc. and Remand to the USPTO ("Def.'s Mot.") at 1.)  The USPTO and the Department of Justice have decided not to seek further appellate review of the Wyeth opinion, and the USPTO has published in the Federal Register an interim procedure by which patentees may request a recalculation of the term adjustment for their patents.  The procedure also could be applied to ITI's request for a patent term adjustment if the case were remanded.  (Def.'s Mot. at 2.) ITI argues that it would be prejudiced by a remand, claiming it would have no recourse to challenge an erroneous recalculation, and speculating that there could be future third-party challenges

-2-

to the recalculation method used on remand causing more litigation expense to ITI.

ITI's arguments are misplaced.  Even if exposure to a potential future third-party challenge to a USPTO recalculation were actually cognizable prejudice - - a proposition for which ITI offers no support - - there is nothing that would immunize from challenge a recalculation litigated in district court.  Preventing remand offers ITI no refuge as to that issue.  And, any challenge that ITI may want to make to a USPTO recalculation on remand can be brought in this court as jurisdiction over the case will be retained here during the remand.[1]  Therefore, it is hereby

ORDERED that ITI's existing patent term calculation be, and hereby is, VACATED.  It is further

ORDERED that this case be, and hereby is, REMANDED to the USPTO for recalculation and adjustment of the disputed patent term in accordance with the Wyeth opinion and the USPTO's published interim procedure for such calculations.  This court

---

[1] Moreover, affording the agency charged in the first instance with the duty to calculate patent terms the opportunity to perform the recalculation would allow for a well-developed record below for this court to review should ITI seek to challenge the recalculation.  To the extent ITI opposes remand because it wants to "settle[] . . . this case expeditiously" (Pl.'s Resp. to Order to Show Cause and Opp'n to Def.'s Mot. at 4.), it can pursue settlement at any time regardless of the forum in which its challenge is pending.

-3-

will retain jurisdiction to entertain any challenge to the recalculation.

SIGNED this 8th day of March, 2010.

```
                              /s/
                    RICHARD W. ROBERTS
                    United States District Judge
```